UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELBA GLADYS PACA QUIZHPI and DELIA SARA PACA
QUIZHPI, individually and on behalf of all others similarly
situated,

                                 Plaintiffs,

                -against-

SPA MANAGEMENT SERVICE INC. and 243 WILLIS
NAILS INC. d/b/a ELITE NAILS & SPA, SON DINH TRAN
and ANH DIEP DO, as individuals,

                              Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
REQUESTED**

Plaintiffs **ELBA GLADYS PACA QUIZHPI and DELIA SARA PACA QUIZHPI**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, SON DINH TRAN and ANH DIEP DO, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 243 Willis Ave., Bronx, NY 10454.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ELBA GLADYS PACA QUIZHPI residing at Bronx, NY 10469 was employed by SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, from in or around October 2011 until in or around January 2023.

8. Plaintiff DELIA SARA PACA QUIZHPI residing at Queens, NY 11368 was employed by SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, from in or around April 2013 until in or around January 2023.

9. Upon information and belief, Defendant SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 243 Willis Ave., Bronx, NY 10454.

10. Upon information and belief, Defendants SON DINH TRAN, known to Plaintiffs as "Sonny" and ANH DIEP DO, known to Plaintiff as "Ana", are the owners of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA.

11. Upon information and belief, Defendants SON DINH TRAN and ANH DIEP DO are agents of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA.

12. Upon information and belief, Defendants SON DINH TRAN and ANH DIEP DO are responsible for overseeing the daily operations of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA.

13. Upon information and belief, SON DINH TRAN and ANH DIEP DO have power and authority over all the final personnel decisions of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA.

14. Upon information and belief, SON DINH TRAN and ANH DIEP DO have the power and authority over all final payroll decisions of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, including the Plaintiff.

15. Upon information and belief, SON DINH TRAN and ANH DIEP DO have the exclusive final power to hire the employees of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, including the Plaintiff.

16. Upon information and belief, SON DINH TRAN and ANH DIEP DO have exclusive final power over the firing and terminating of the employees of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, including Plaintiff.

17. Upon information and belief, SON DINH TRAN and ANH DIEP DO are responsible for determining, establishing, and paying the wages of all employees of SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendants SON DINH TRAN and ANH DIEP DO were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of both SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC.

20. Both Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.

21. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

3

22. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

23. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is being filed in February 2023. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning February 2017 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## ELBA GLADYS PACA QUIZHPI

24. Plaintiff ELBA GLADYS PACA QUIZHPI was employed by SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA as a nail technician while performing related miscellaneous duties for the Defendants, from in or around October 2011 until in or around January 2023.

25. Plaintiff ELBA GLADYS PACA QUIZHPI regularly worked five (5) days per week, twice a month and six (6) days per week, twice a month, during the relevant statutory period.

26. Plaintiff ELBA GLADYS PACA QUIZHPI regularly worked a schedule of shifts beginning at approximately:

    i.    9:45 a.m. each workday and regularly ending at approximately 8:00 p.m., or later, 2 to 3 days per week; and from 9:45 a.m. each workday and regularly ending at approximately 9:30 p.m. or later, 3 days per week, from in or around February 2017 until in or around December 2021;

4

ii.   11:00 a.m. each workday and regularly ending at approximately 8:00 p.m., or later, 2 to 3 days per week; and from 11:00 a.m. each workday and regularly ending at approximately 9:30 p.m. or later, 3 days per week, from in or around January 2022 until in or around January 2023.

27. Thus, Plaintiff was regularly required to work approximately 52 to 62 hours each week from in or around February 2017 until in or around December 2021 and approximately 49.5 to 58.5 hours each week from in or around January 2022 until in or around January 2023.

28. Plaintiff ELBA GLADYS PACA QUIZHPI was paid by Defendants a flat weekly rate of approximately $350.00 per week during the relevant statutory period.

29. Defendants failed to pay Plaintiff ELBA GLADYS PACA QUIZHPI the legally prescribed minimum wage for all her hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

30. Although Plaintiff regularly worked 52 to 62 hours each week from in or around February 2017 until in or around December 2021 and approximately 49.5 to 58.5 hours each week from in or around January 2022 until in or around January 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Additionally, Defendants paid Plaintiff ELBA GLADYS PACA QUIZHPI, a manual worker, on a bi-weekly basis, failing to timely pay Plaintiff for her first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

32. Further, Plaintiff was not compensated at all by the Defendants for her last week of employment.

## DELIA SARA PACA QUIZHPI

33. Plaintiff DELIA SARA PACA QUIZHPI was employed by SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA as a nail technician while performing related miscellaneous duties for the Defendants, from in or around April 2013 until in or around January 2023.

34. Plaintiff DELIA SARA PACA QUIZHPI regularly worked five (5) days per week, twice a month and six (6) days per week, twice a month, during the relevant statutory period.

35. Plaintiff DELIA SARA PACA QUIZHPI regularly worked a schedule of shifts beginning at approximately:

   i. 9:45 a.m. each workday and regularly ending at approximately 8:00 p.m., or later, 2 to 3 days per week; and from 9:45 a.m. each workday and regularly ending at approximately 9:30 p.m. or later, 3 days per week, from in or around January 2017 until in or around December 2021;

   ii. 11:00 a.m. each workday and regularly ending at approximately 8:00 p.m., or later, 2 to 3 days per week; and from 11:00 a.m. each workday and regularly ending at approximately 9:30 p.m. or later, 3 days per week, from in or around January 2022 until in or around January 2023.

36. Thus, Plaintiff was regularly required to work approximately 52 to 62 hours each week from in or around February 2017 until in or around December 2021 and approximately 49.5 to 58.5 hours each week from in or around January 2022 until in or around January 2023.

37. Plaintiff DELIA SARA PACA QUIZHPI was paid by Defendants a flat weekly rate of approximately $350.00 per week during the relevant statutory period.

38. Defendants failed to pay Plaintiff DELIA SARA PACA QUIZHPI the legally prescribed minimum wage for all her hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Although Plaintiff regularly worked 52 to 62 hours each week from in or around February 2017 until in or around December 2021 and approximately 49.5 to 58.5 hours each week from in or around January 2022 until in or around January 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Additionally, Defendants paid Plaintiff DELIA SARA PACA QUIZHPI on a bi-weekly basis, failing to timely pay Plaintiff for her first week of wages and thus violated

the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

41. Further, Plaintiff was not compensated at all by the Defendants for her last week of employment.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON
## TO ALL PLAINTIFFS

42. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

43. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

44. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English and/or Spanish, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

45. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of their wages, as required by NYLL §195(3).

46. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

48. Collective Class: All persons who are or have been employed by the Defendants as nail technicians or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

49. Upon information and belief, Defendants employed approximately 10 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

50. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

51. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

52. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

53. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

55. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

56. The claims of Plaintiffs are typical of the claims of the whole putative class.

57. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

61. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

62. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

64. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

65. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C.  §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

69. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

72. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

73. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

75. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

76. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

77. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

80. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

81. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

82. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

83. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

86. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

87. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

88. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

89. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

90. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

91. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

92. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

93. Defendants willfully violated the rights of Plaintiffs by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

94. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

95. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## EIGHT CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

96. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

100. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

101. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs' minimum wages;

d. Awarding Plaintiffs' unpaid wages;

e. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees;
    together with such further relief as this court deems necessary and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.


Dated:   February 3, 2023
         Kew Gardens, NY


*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELBA GLADYS PACA QUIZHPI and DELIA SARA PACA QUIZHPI, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SPA MANAGEMENT SERVICE INC. and 243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA, SON DINH TRAN and ANH DIEP DO, as individuals,

Defendants,

---

**COLLECTIVE ACTION COMPLAINT**

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

<u>To</u>:

**Service via Secretary of State and Personal Service:**
<u>**SPA MANAGEMENT SERVICE INC. d/b/a ELITE NAILS & SPA (DOS ID#5371164)**</u>
243 Willis Ave., Bronx, NY 10454

<u>**243 WILLIS NAILS INC. d/b/a ELITE NAILS & SPA (DOS ID#4868223)**</u>
243 Willis Ave., Bronx, NY 10454

<u>**SON DINH TRAN**</u>
243 Willis Ave., Bronx, NY 10454

<u>**ANH DIEP DO**</u>
243 Willis Ave., Bronx, NY 10454

15